UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | |
|---|---|
| WILLIAM PIZZUTO, BARRY BRUCE, and KEITH ARMSTRONG individually and on behalf of other similarly situated individuals, <br><br>    Plaintiff, <br><br>    v. <br><br> J.C. PENNEY CORPORATION, INC. and THE BENEFITS ADMINISTRATION COMMITTEE OF THE J.C. PENNEY COMPANY, INC. SAVINGS, PROFIT-SHARING AND STOCK OWNERSHIP PLAN, <br><br>    Defendants. | )<br>)<br>) C.A. NO. 303-CV-0912 WWE<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## STIPULATED PROTECTIVE ORDER

It is understood by the plaintiffs and defendants that in the course of discovery plaintiffs and/or defendants may produce confidential and non-public documents which contain confidential business and/or personal information, including but not limited to personnel/salary information and social security numbers, and that the public disclosure of such information could be detrimental to plaintiffs' and/or defendant's interests.  Similarly, such confidential information may be disclosed by written discovery, testimony or in other filings.  For these reasons:

   IT IS HEREBY STIPULATED by the undersigned counsel that the following protective order pertaining to confidential information is approved as to the form and content and may be entered as an Order of the Court.

   1.    The following definitions shall apply to this Order.

      (a)    "Confidential information" shall mean and refer to any documents, testimony or other information designated "confidential" at or about the time of its disclosure by plaintiffs and/or defendants, whether such designation be in writing or on the record such as at a deposition or hearing;

      (b)    "Qualified persons" shall mean and refer to: (i) the parties to this litigation; (ii) counsel of record for the parties to the litigation, including office associates, paralegals, stenographic and clerical employees; (iii) experts and/or consultants retained for the purpose of this litigation and who have signed the Confidentiality Agreement, the form of which is set forth in Attachment "A"; and (iv) court personnel, including stenographic reporters engaged in such proceedings as are necessarily incident to this litigation.

    2.    Confidential information shall be and remain confidential, and shall not be disclosed or communicated in any fashion, nor be used for any purpose other than the analysis and preparation for trial of these action(s) as provided for herein.

    3.    All discovery documents inspected by or provided to counsel (including without limitation, documents produced pursuant to request or order for production, deposition, transcripts, interrogatory answers, responses to request for admissions, etc.) which are designated by plaintiffs and/or defendants as "confidential" shall be retained by counsel and shall not be disclosed or made available to any person except a qualified person who has read and agrees to the terms of this Order.  The confidential documents shall not be used by any qualified person, except solely for the purposes of litigation of this action.  The substance or content of confidential information, as well as copies, notes and memoranda relating thereto, shall not be disclosed to other than a qualified person.  Nothing in this Order shall in any way affect the admissibility at trial of any of the documents produced under this protective order.

4.	Counsel receiving confidential information shall not disclose such to any expert retained for purposes of this litigation without first furnishing to such expert a copy of this Stipulated Protective Order and obtaining from that person an executed Confidentiality Agreement, the form of which is set forth in Attachment "A" (which Agreement should be filed with the Court and served upon opposing counsel following execution).  Counsel for whom such expert is retained must keep such executed agreements in their offices.  Upon designation of any such expert as a testifying witness, counsel in possession of the executed Agreement must forward that expert's executed Agreement to opposing counsel.

5.	Each person executing the attached Confidentiality Agreement submits to the jurisdiction of this Court for the purposes of enforcement of this Order, either prior to or following trial of this action.  Jurisdiction of this action is to be retained by this Court after final determination for purposes of enabling any party or persons affected by this Order to apply to the Court at any time for such direction or further decree as may be appropriate for the construction or enforcement of this Order or for such additional relief as may become appropriate.

6.	Nothing in this Order shall preclude the disclosure by plaintiffs and/or defendants of documents or other information provided by either plaintiffs and/or defendants.

7.	Before being copied for production, confidential documents shall be marked as "Confidential."

8.	All discovery materials filed with this Court and any appellate court which contain confidential information, and any pleading, brief or memorandum purporting to reproduce or paraphrase confidential information, shall be filed in sealed envelopes or other containers on which shall be endorsed the title of this action, an indication of the nature of the contents, the word "CONFIDENTIAL" and the following statement:

> "This envelope containing documents which are filed in this case by (name of party) is not to be opened nor the contents thereof to be revealed except by court order; provided, however, that counsel of record in this case may open this envelope in the office of the Clerk of this Court and there inspect the contents hereof, without order of Court, and upon completion of each inspection by counsel, the envelope containing such documents shall be resealed."

9. Persons may be deposed regarding confidential documents or information of which they have knowledge. All transcripts of these depositions and any other deposition containing confidential information will be treated in accordance with this Order and when filed shall be marked pursuant to the procedures set forth in paragraphs 8 and 9 above.

10. Aside from a witness, no person shall attend any portion of any deposition containing testimony regarding confidential information or documents unless such person is a qualified person under the terms of this Order. Any court reporter who transcribes testimony in this action at a deposition shall agree, before transcribing any such testimony, that all testimony containing confidential information is and shall remain confidential and shall not be disclosed except as provided in this Order and that copies of any transcript, reporters notes or any other transcription records of any such testimony will be retained in absolute confidentiality and safekeeping by such shorthand reporter or delivered to attorneys of record or filed with the Court.

11. If, at the time of trial, counsel for any of the parties attempts to introduce into evidence any confidential document or portion thereof or portions of confidential deposition testimony the Court will take such steps as it shall deem reasonably necessary to preserve the confidentiality of that information.

12. The production of documents for inspection shall not constitute a waiver of either plaintiffs' and/or defendants' rights to claim in this lawsuit or hereafter that the documents are

privileged or otherwise undiscoverable.  Production by plaintiffs and/or defendants of confidential documents or information in other litigation shall not constitute a waiver of either plaintiffs' and/or defendants' rights to claim in this lawsuit or hereafter that such documents or information are confidential, privileged or otherwise undiscoverable.

       13.    All oral presentations to the Court concerning or referencing any confidential information shall be held in camera, unless the Court orders otherwise.

14.    Upon the final determination of this action, counsel and all qualified persons shall return to the party or parties supplying the confidential material, or to their respective counsel, all copies, testimony, summaries, notes, extracts, or abstracts containing confidential information.

## STIPULATED TO AND APPROVED AS TO FORM AND SUBSTANCE:

Dated: _____     Dated:_____

By   _____     By:  _____

Attorneys for Defendants                          Attorneys for Plaintiffs

## ORDER

       IT IS SO ORDERED.

       Dated: _____

_____
U.S. MAGISTRATE JUDGE

Case 3:03-cv-00912-WWE    Document 11    Filed 01/20/2004    Page 6 of 8

## **CONFIDENTIALITY AGREEMENT**

1. I hereby acknowledge that I am about to receive confidential information supplied by _____.

2. I have read the Stipulated Protective Order governing the restricted use of confidential information in this litigation, a copy of which has been provided to me. I agree to be bound by the terms thereof.

3. I will not utilize any documents marked with the legend "Confidential" or any information contained therein for any purpose other than litigation involving _____. I further affirm that I will not reveal any confidential information to, nor discuss it with, any other person except in accordance with the terms of the Stipulated Protective Order.

4. At the termination of this litigation, I will return to the attorney providing confidential information to me all documents marked with the legend "Confidential" as well as any copies of documents, copies, testimony, summaries, notes, extracts, or abstracts containing confidential information.

5. I submit to the jurisdiction of this Court for the purposes of enforcement of the Stipulated Protective Order, either prior to or following trial of this action.

DATED: _____

_____
Signature

_____
Type of print name of individual

SUBSCRIBED and SWORN to before me
this _____ day of _____, 200____.

_____
            NOTARY PUBLIC