UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILLIAM PIZZUTO, BARRY BRUCE, and KEITH ARMSTRONG individually and on behalf of other similarly situated individuals, | : : : : : | CIVIL ACTION NO: |
| Plaintiffs | : : | 3:03 CV 912 (WWE) |
| v. | : : | |
| J. C. PENNEY CORPORATION, INC. and THE BENEFITS ADMINISTRATION COMMITTEE OF THE J. C. PENNEY COMPANY, INC. SAVINGS, PROFIT-SHARING AND STOCK OWNERSHIP PLAN, | : : : : : : | |
| Defendants | : | MARCH 23, 2004 |

**JOINT MOTION FOR PRELIMINARY APPROVAL OF
<u>STIPULATION OF SETTLEMENT AND APPROVAL OF NOTICE</u>**

Plaintiffs William Pizzuto, Barry Bruce, and Keith Armstrong ("the Named Plaintiffs") and Defendants J. C. Penney Corporation, Inc. and The Benefits Administration Committee of the J. C. Penney Company, Inc. Savings, Profit-Sharing and Stock Ownership Plan, (collectively "J. C. Penney") hereby jointly request that the Court grant preliminary approval of the Stipulation of Settlement agreed to by the Named Plaintiffs (as representative of all plaintiffs in this action brought as a class action) and J. C. Penney (collectively "the Parties") in this action. The Parties further request that the Court approve the Notice, upon which they have jointly agreed, that J. C. Penney will send to all other plaintiffs in this case notifying them of the settlement reached by the parties and explaining the procedures associated with that settlement.

**ORAL ARGUMENT NOT REQUESTED; TESTIMONY NOT REQUIRED**

The grounds for this Joint Motion are the following:

1. On May 23, 2003, the Named Plaintiffs, on behalf of themselves and all others similarly situated, filed the Complaint in this action. The Named Plaintiffs, individually and on behalf of similarly situated individuals, alleged that J. C. Penney engaged in the practice of requiring employees to use Voluntary Time Off on days when they were sent home early rather than paying employees a minimum of four hours pay as required by law. The Named Plaintiffs asserted these allegations with respect to all other current and former J. C. Penney employees who were similarly situated, and they sought to represent such individuals in a class action pursuant to Federal Rules of Civil Procedure 23(b)(2) and (b)(3) (the "Class Action").

2. Following the exchange of written discovery, Defendants' production of many years' worth of employee time records, and the taking of eight depositions by the Parties, the Parties commenced settlement negotiations and agreed to pursue mediation before David Geronemus, Esq., an experienced professional mediator.

3. Mediation with Mr. Geronemus occurred on February 12, 2004. The Named Plaintiffs were present and participated along with the undersigned, who has represented the class throughout these proceedings. Participating for J. C. Penney were its lead counsel, Celeste d. Flippen, and three company representatives.

4. At the end of the mediation, and following many hours of arms-length negotiations, the parties reached mutually satisfactory settlement terms. These terms were later memorialized in a Stipulation of Settlement, which the parties have executed. This Stipulation of Settlement is attached to the Joint Motion as Exhibit A.

5. Both parties represent to the Court that the agreement embodied in the Stipulation of Settlement was reached through good-faith, arms-length negotiations. Both parties further

represent that the agreement constitutes a fair and equitable compromise of the class claims in this matter. More specifically, the parties represent the following:

      A.    The agreement provides that Defendants stipulate to a class for purposes of Federal Rule of Civil Procedure 23(b)(3) that includes: "All current and former employees of Defendant J. C. Penney who were paid on an hourly basis and who worked in Defendant J. C. Penney's Manchester, Connecticut Catalog Distribution Center during the last six years and who were subject to the State of Connecticut Department of Labor Regulation regarding Minimum Fair Wage Rates for Person Employed in Mercantile Trade and/or to the programs and procedures set forth in the Defendant's Associate Handbook and who reported to work on a part-time basis on at least one occasion and who J.C. Penney's ATA records show did not work a minimum of four hours on said occasion and who were not compensated for a minimum of four hours of pay at their regular rate in accordance with the State of Connecticut Department of Labor regulation and/or Defendant's Associate Handbook."

      B.    The agreement provides that the Named Plaintiffs and the Class Members will receive a total payment of $122,500 in settlement of all of the claims for back wages and related damages. The sum will be reduced by a $9,000 incentive award to be divided equally among the three Named Plaintiffs, and the remaining $113,500 will be divided among the Named Plaintiffs and Class Members using a calculation that is based strictly on (a) the number of VTO hours within the applicable statute of limitation(s) period that each Plaintiff had taken, (b) the hourly rate of each Plaintiff during the time that he or she worked in said position(s), and (c) the estimated number of hours that each Plaintiff is believed not to have been properly compensated for during the applicable time period. In the judgment of Plaintiffs' counsel, the

sum of money to be allocated to each Plaintiff under this calculation will represent a reasonable compromise of each Plaintiff's claim in this litigation.

      C.      The agreement provides that Plaintiffs' attorneys will receive, upon approval by the Court of their application, attorneys' fees and costs equal to $47,500. The parties represent to the Court that this fee (above and beyond the amount paid to the class) is reasonable in a case of this nature and that the amount of payment for fees and costs is reasonable considering the efforts of plaintiffs' counsel, their out-of-pocket expenses, the quality of their work, and the nature of the case.

      D.      The agreement provides that the Named Plaintiffs, as class representatives, will each receive an incentive payment of $3,000, in addition to their share of the $113,500, as incentive awards for their efforts as class representatives. The parties represent to the Court that a payment of this size to the class representatives in a case of this nature is not unusual. They further represent that the payment to the Named Plaintiffs is fair and equitable given their contribution to this litigation.

6.      A settlement reached in cases involving Class Claims must be approved by the United States District Court. Accordingly, the parties seek to initiate the process whereby the Court will review the Stipulation of Settlement and, if the Court finds it in the interests of justice to do so, grant final approval of the settlement. More specifically, the parties propose the following process:

      A.      The Court is requested to grant preliminary approval of the Stipulation of Settlement.

      B.      The Court is requested to certify a class for settlement purposes only pursuant to F.R.C.P. 23(b)(3) consisting of "All current and former employees of Defendant J.

C. Penney who were paid on an hourly basis and who worked in Defendant J. C. Penney's Manchester, Connecticut Catalog Distribution Center during the last six years and who were subject to the State of Connecticut Department of Labor Regulation regarding Minimum Fair Wage Rates for Person Employed in Mercantile Trade and/or to the programs and procedures set forth in the Defendant's Associate Handbook and who reported to work on a part-time basis on at least one occasion and who J.C. Penney's ATA records show did not work a minimum of four hours on said occasion and who were not compensated for a minimum of four hours of pay at their regular rate in accordance with the State of Connecticut Department of Labor regulation and/or Defendant's Associate Handbook."

      C.      The Court is requested to authorize J. C. Penney to send Notice of the proposed settlement to the class members in this case (excluding the class representatives) advising them of the settlement and giving them the opportunity to (i) ask questions of Plaintiffs' counsel regarding the settlement and (ii) make any objections they may have, in writing, to the Court. A copy of this proposed notice is Exhibit B to this Joint Motion.

      D.      The parties request that if the Court receives no written objections within 30 days of the mailing of the notice, the Court will grant final approval of the Stipulation of Settlement. If the Court receives any written objections, it will consider them, as well as any response from either party. The Court will then decide whether to hold a hearing regarding the fairness of the settlement. The Court will also decide (with or without a hearing) whether to grant final approval of the settlement.

      E.      If the Court grants final approval of the settlement, all plaintiffs in this action will be bound by the terms of the Stipulation of Settlement.

7. The procedures proposed in Paragraph 6 above are fair, equitable, and consistent with the statements made in the Notice to the class members in this litigation. These procedures will enable all class members to be heard by the Court, if they wish, prior to the final approval of the settlement. At the same time, it will provide a mechanism whereby both parties can fully resolve this matter on mutually satisfactory terms without the expense and uncertainty of a trial.

THEREFORE, for the reasons set forth above, the parties jointly ask that this Court grant preliminary approval of the Stipulation of Settlement reached by the parties and that it approve the Notice jointly proposed by the parties to be sent to the plaintiffs advising them of the settlement.

Dated: _____   J. C. PENNEY CORPORATION, INC. and THE BENEFITS ADMINISTRATION COMMITTEE OF THE J. C. PENNEY COMPANY, INC. SAVINGS, PROFIT-SHARING AND STOCK OWNERSHIP PLAN

By _____
Celeste d. Flippen, Esq.
Fed. Bar No.: ct_____
Attorney for Defendants
J. C. Penney Company, Inc.
Legal Department, Building A-1, Room 133
6501 Legacy Drive (MS 1122)
Plano, Texas 75024-3698
Tel: (972) 431-1262
Fax: (972) 431-1133

Dated: _____   WILLIAM PIZZUTO, BARRY BRUCE and KEITH ARMSTRONG

By _____
William G. Madsen, Esq.
Fed. Bar No: ct09853
Attorney for Plaintiffs
Madsen, Prestley & Parenteau, LLC
44 Capitol Avenue
Suite 201
Hartford, CT 06106
Tel: (860) 246-2466
Fax: (860) 246-1794

**CERTIFICATION**

      This is to certify that a copy of the foregoing was sent on the 23rd day of March, 2004 by regular mail to the following counsel of record:

Peter A. Janus
Siegel, O'Connor, Zangari, O'Donnell & Beck, P.C.
150 Trumbull Street
Hartford, CT 06103

                                                                                                                        _____
                                                                                                                          William G. Madsen