UNITED STATES DISTRICT COURT **FILED**
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM PIZZUTO, BARRY BRUCE, and KEITH ARMSTRONG individually and on behalf of other similarly situated individuals,<br>                        Plaintiffs | 2004 JUN 16 P 3:36<br><br>U.S. DISTRICT COURT<br>BRIDGEPORT, CONN.<br><br>CIVIL ACTION NO.<br><br>3:03 CV 912 (WWE) |
| v. | |
| J. C. PENNEY CORPORATION, INC. and THE BENEFITS ADMINISTRATION COMMITTEE OF THE J. C. PENNEY COMPANY, INC. SAVINGS, PROFIT-SHARING AND STOCK OWNERSHIP PLAN,<br>                        Defendants | JUNE 16, 2004 |

### JOINT MOTION FOR
### FINAL APPROVAL OF STIPULATION OF SETTLEMENT

Plaintiffs William Pizzuto, Barry Bruce, and Keith Armstrong ("the Named Plaintiffs") and Defendants J. C. Penney Corporation, Inc. and The Benefits Administration Committee of the J. C. Penney Company, Inc. Savings, Profit-Sharing and Stock Ownership Plan, (collectively "J. C. Penney") hereby jointly request that the Court grant final approval of the Stipulation of Settlement agreed to by the Named Plaintiffs (as representative of all plaintiffs in this action brought as a class action) and J. C. Penney (collectively "the Parties") in this action.

**ORAL ARGUMENT NOT REQUESTED; TESTIMONY NOT REQUIRED**

The grounds for this Joint Motion are the following:

1. On May 23, 2003, the Named Plaintiffs, on behalf of themselves and all others similarly situated, filed the Complaint in this action. The Named Plaintiffs, individually and on behalf of similarly situated individuals, alleged that J. C. Penney engaged in the practice of requiring employees to use Voluntary Time Off on days when they were sent home early rather than paying employees a minimum of four hours pay as required by law. The Named Plaintiffs asserted these allegations with respect to all other current and former J. C. Penney employees who were similarly situated, and they sought to represent such individuals in a class action pursuant to Federal Rules of Civil Procedure 23(b)(2) and (b)(3) (the "Class Action"). J.C. Penney denied Named Plaintiffs' allegations. The parties, after undertaking extensive discovery, thereafter engaged in mediation and reached a resolution of the matter.

2. On March 23, 2004, the parties filed a Joint Motion for Preliminary Approval of Stipulation of Settlement and Approval of Notice, which was approved by this Court.

3. Thereafter, on or before May 14, 2004, Notice was mailed to 264 class members in accordance with the Stipulation of Settlement. A diligent effort was made to locate each class member, however, seventy-two (72) envelopes were returned as undeliverable. Thereafter, more recent addresses were located for sixty (60) of the seventy-two (72) class members, leaving twelve (12) envelopes undeliverable. Class members were given 30 days to object to the terms of the Settlement.

4. Upon inquiry to the Office of the Clerk, no objections have been filed.

5. The parties now request the following:

   a. That the Court, grant final approval to the Stipulation of Settlement, which has been previously executed by the parties; and

   b. That the Court approve Plaintiffs' counsel's application of attorneys' fees and costs equal to $47,500.00, pursuant to the Stipulation of Settlement and in accordance with the Affidavit attached hereto as Exhibit A.

6. The procedures proposed in Paragraph 5 above are fair, equitable, and consistent with the Notice sent to the class members in this litigation.

7. The undersigned is filing this Motion on behalf the Parties and with the consent of Celeste d. Flippen, counsel for the Defendants.

WHEREFORE, for the reasons set forth above, the Parties jointly ask that this Court grant final approval of the Stipulation of Settlement reached by the parties.

Dated: 6/16/04

WILLIAM PIZZUTO, BARRY BRUCE and KEITH ARMSTRONG

By: _____
William G. Madsen, Esq.
Fed. Bar No: ct09853
Attorney for Plaintiffs
Madsen, Prestley & Parenteau, LLC
44 Capitol Avenue
Suite 201
Hartford, CT 06106
Tel: (860) 246-2466
Fax: (860) 246-1794

## CERTIFICATION

This is to certify that a copy of the foregoing was sent on the 16th day of June, 2004 by advance facsimile and first class mail to the following counsel of record:

Celeste d. Flippen
J. C. Penney Company, Inc.
P. O. Box 10001
Dallas, TX 75301-1122

And by first class mail to:

Peter A. Janus
Siegel, O'Connor, Zangari, O'Donnell & Beck, P.C.
150 Trumbull Street
Hartford, CT 06103

William G. Madsen

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILLIAM PIZZUTO, BARRY BRUCE, and KEITH ARMSTRONG individually and on behalf of other similarly situated individuals, | : : : : : | CIVIL ACTION NO: |
| Plaintiffs | : : | 3:03 CV 912 (WWE) |
| v. | : : | |
| J. C. PENNEY CORPORATION, INC. and THE BENEFITS ADMINISTRATION COMMITTEE OF THE J. C. PENNEY COMPANY, INC. SAVINGS, PROFIT-SHARING AND STOCK OWNERSHIP PLAN, | : : : : : | |
| Defendants | : | JUNE 16, 2004 |

## PLAINTIFF'S AFFIDAVIT OF LEGAL FEES

I, William G. Madsen, being duly sworn, hereby depose and say:

1. I am over the age of 18 and believe in the obligations of an oath.

2. I am a member of the law firm of Madsen, Prestley & Parenteau, LLC and have personal knowledge of the billing records at Madsen, Prestley & Parenteau, LLC.

3. To date, the billed time on this matter is as follows:

   A. William G. Madsen, Partner       65.20 hours

   B. Peter B. Prestley, Partner        1.90 hours

   C. Craig T. Dickinson, Associate    22.50 hours

   D. Kate Demitrus, Paralegal        141.10 hours

   E. Todd Steigman, Law Clerk         3.25 hours

4. The established hourly billing rates are as follows: Partners, $300 per hour; Associates $250 per hour; Paralegals and Law Clerks $100 per hour.

5.  Thus, the fees incurred to date are $46,900.00. Costs incurred on this matter are $6,131.01. Thus, the total amount of fees and costs incurred is $53,031.01.

6.  The proposed payment to Plaintiff's counsel of $47,500.00 represents less than the total of the Firm's normal hourly rate and the costs incurred, and is reasonable considering the efforts of Plaintiffs' counsel, the quality of their work, and the nature of the case. This award of fees and costs constitutes a compromise of the actual fees and costs incurred by Plaintiff's counsel based upon the hourly rates of Plaintiff's counsel and staff.

The foregoing Affidavit of Legal Fees is true and accurate to the best of my knowledge and belief.

_____
William G. Madsen

Subscribed to and sworn before me this 16th day of June, 2004.

_____
Notary Public

KATALIN A. DEMITRUS
NOTARY PUBLIC
MY COMMISSION EXPIRES JULY 31, 2005

2